NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTORIA A. ROAQUIN,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7049

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-2917, Judge John J. Farley III.

---

Decided: July 12, 2013

---

VICTORIA A. ROAQUIN, of La Union, Philippines, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MEGHAN HERNANDEZ, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, LOURIE, and TARANTO, *Circuit Judges*.

PER CURIAM.

## DECISION

Victoria Roaquin, whose late husband was a veteran of the Philippine Commonwealth Army, sought to reopen her previously denied claim that a service-connected disability materially contributed to her husband's death. The Board of Veterans Appeals found, and the United States Court of Appeals for Veterans Claims affirmed, that Ms. Roaquin did not present sufficient new and material evidence to warrant reopening the claim under 38 U.S.C. § 5108. Because of the limits on this court's own jurisdiction to review decisions of the Veterans Court, we now dismiss Ms. Roaquin's appeal from the Veterans Court's decision.

## BACKGROUND

Ms. Roaquin's late husband, Florentino Roaquin, served in the Philippine Commonwealth Army during World War II and peacetime. At the time of Mr. Roaquin's death on July, 25, 1993, he was not receiving benefits for any service-connected disability. His death certificate listed the cause of death as respiratory failure, with a secondary cause of severe bronchopneumonia.

In August 2003, Ms. Roaquin filed a claim with the Department of Veterans Affairs (VA) alleging that her husband died of a service-connected disability and that, as his surviving spouse, she was entitled to receive VA benefits. In June 2005, the VA Regional Office denied her claim, finding no evidence that Mr. Roaquin's death was related to his military service. Ms. Roaquin did not file a

Notice of Disagreement challenging the decision, which thus became final.

More than two years later, in October 2007, Ms. Roaquin sought to reopen her claim, adding to the record her statements that (1) Mr. Roaquin's peptic ulcer, diagnosed and treated in 1986, was entitled to a presumptive service connection because he had been a prisoner of war, (2) the peptic ulcer corroborated that his POW experience weakened his resistance to all kinds of illnesses, and (3) she believed her husband suffered from post-traumatic stress disorder from his time as a POW, which contributed to a heart disorder responsible for the fatal respiratory failure.  On July 30, 2010, the Board denied Ms. Roaquin's attempt to reopen her claim, finding all the newly submitted evidence either cumulative or not material.  In particular, the Board deemed Ms. Roaquin's statements that either the peptic ulcer or PTSD may have contributed to her husband's death to be wholly unsupported by evidence.  It concluded that Ms. Roaquin's new evidence therefore did not relate to the cause of her husband's death, and so there was no evidence adequate to warrant reopening her claim under 38 U.S.C. § 5108.  On appeal, the Veterans Court affirmed that Ms. Roaquin had failed to present sufficient new and material evidence to reopen her claim.

Ms. Roaquin timely petitioned this court for review of the Veterans Court's decision.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is circumscribed by statute.  *See* 38 U.S.C. § 7292.  We have jurisdiction to decide appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any constitutional provision, statute, or regulation, including any interpretation of such a source of law.  *Id.* § 7292(d)(1).  We do not have jurisdiction to review a challenge to a factual determination made by the Veterans Court or a

challenge to a law or regulation as applied to the facts of a particular case unless the challenge presents a constitutional issue. *Id.* § 7292(d)(2).

This appeal falls outside our jurisdiction. The Veteran's Court affirmed the Board's decision that Ms. Roaquin failed to present sufficient new and material evidence to reopen her claim. *See id.* § 5108 (requiring the Secretary to reopen the claim "[i]f new and material evidence is presented"); *see also* 38 CFR § 3.156(a) ("New and material evidence can be neither cumulative nor redundant . . . and must raise a reasonable possibility of substantiating the claim."). Ms. Roaquin presents no constitutional or other legal challenge to that decision.

At most, Ms. Roaquin disagrees with the Veterans Court's factual determination that she failed to present the required new and material evidence. But the Veterans Court's factual determinations here, and its application of the law to those facts, are not subject to our review. Accordingly, we have no jurisdiction over this appeal, which must be dismissed.

No costs.

**DISMISSED**